**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Mina Nami Khorrami
United States Bankruptcy Judge

**Dated: June 26, 2025**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMPLIFYBIO, LLC, *et al.*,[1] | ) Case No. 25-52140 |
| | ) |
| Debtors. | ) Judge Mina Nami Khorrami |
| | ) |
| | ) (Jointly Administered) |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF MCDONALD HOPKINS LLC AS ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION
DATE (Related to Doc. 46)**

Upon the *Application of Debtors for Entry of Order Authorizing Retention and Employment of McDonald Hopkins LLC as Attorneys for Debtors and Debtors in Possession*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: AmplifyBio, LLC (1671); and ADOC SSF, LLC (3792). The corporate headquarters and the mailing address for the Debtors is 1425 NE Plain City-Georgesville Road, West Jefferson, Ohio 43162.

36244515.1

*Effective as of the Petition Date* (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtor") for the entry of an order (the "Order") authorizing the Debtors to retain and employ McDonald Hopkins LLC ("McDonald Hopkins") as the Debtors' attorneys effective as of the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Ohio (the "Local Rules"), and the Court having reviewed the Application and the Declaration of Scott N. Opincar, a member of McDonald Hopkins in support of the Application (the "Opincar Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Declarations that (a) McDonald Hopkins does not hold or represent an interest adverse to the Debtors' estates and (b) McDonald Hopkins is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

36244515.1

forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to retain and employ McDonald Hopkins as the Debtors' counsel effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

2. McDonald Hopkins is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, McDonald Hopkins will render the following legal services:

    a. advising the Debtors with respect to their powers and duties as Debtors in possession in the continued management and operation of their businesses and properties;

    b. advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

    c. attending meetings and negotiating with representatives of creditors and other parties in interest;

    d. taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors is involved, including objections to claims filed against the Debtors' estates;

    e. preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers

36244515.1

     necessary or otherwise beneficial to the administration of the Debtors' estates;

  f. representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

  g. advising the Debtors in connection with any potential sale of assets;

  h. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

  i. advising the Debtors regarding tax matters;

  j. taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

  k. performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors' assets; and (iii) advising the Debtors on corporate and litigation matters.

3. McDonald Hopkins shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4. McDonald Hopkins is authorized without further order of the Court to apply amounts from the prepetition advance payment retainer to compensate and reimburse McDonald Hopkins for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practice. At the conclusion of McDonald Hopkins' engagement by the Debtors, if the amount of any advance payment retainer held by McDonald Hopkins is in excess of the amount of McDonald Hopkins' outstanding and estimated fees, expenses, and costs, McDonald Hopkins

will pay to the Debtors the amount by which any advance payment retainer exceeds such fees, expenses, and costs, in each case in accordance with the Engagement Letter.

5. The Debtors and McDonald Hopkins are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

7. To the extent the Application, the Opincar Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SO ORDERED.

36244515.1

# EXHIBIT 1

**Engagement Letter**

36244515.1



McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114

P 1.216.348.5400
F 1.216.348.5474

Direct Dial: 216.348.5753
Email: sopincar@mcdonaldhopkins.com

January 30, 2025

**VIA EMAIL DELIVERY (JKGanjei@amplify-bio.com)**

AmplifyBio, LLC
ADOC SSF, LLC
1425 NE Plain City-Georgesville Road
West Jefferson, OH 43162
Attn.: J. Kelly Ganjei. President and Chief Executive Officer

Re:     Retention of McDonald Hopkins LLC

Dear Mr. Ganjei:

This letter will serve to confirm that AmplifyBio, LLC, a Delaware limited liability company and ADOC SSF, LLC, a Delaware limited liability company (together the "Client"), have retained McDonald Hopkins LLC (the "Firm") to provide business restructuring advice and related services, including the negotiation of a forbearance agreement and/or amendment to their loan with Hercules Capital, Inc. (the "Matter").[1]   We appreciate the confidence you have shown in us and the opportunity to work with you.

At the outset of a new matter, we believe it is important to have a mutual understanding of how we will work together to accomplish your objectives.  To do this, we customarily prepare an engagement letter that generally utilizes the following format.  The purpose of this engagement letter is to memorialize in writing the identity of our client, the scope and nature of services we have been asked to provide (including any limitations in that regard) and to agree with the Client on the terms for the provision of our services.  This engagement letter will also explain the Firm's fees, expenses charged to clients, billing policies and payment terms.

I trust you will accept my use of this relatively standard form letter.  The Firm wishes to be sure that all of our clients receive comparable information regarding new engagements.  We are committed to providing top quality legal representation and services customized to meet the needs of each client. If you have any questions about the provisions of this engagement letter, or if you want to discuss possible modifications, please call me immediately. This engagement letter sets forth the entire agreement for rendering professional services to the Client for the Matter, as well as for all other existing or future matters, except where we otherwise agree in writing.

---

[1] For the avoidance of doubt, the Firm's representation is solely of the Client and the Firm is not representing any parent, agent, representative, member, equity holder, officer, director, partner, or employee of the Client on either an individual or separate basis with respect to the Matter.

Baltimore  |  Chicago  |  Cleveland  |  Columbus  |  Detroit  |  West Palm Beach
mcdonaldhopkins.com

35619101.1

AmplifyBio, LLC
ADOC SSF, LLC
January 30, 2025
Page 2

### Our Team

I will be the Firm attorney primarily responsible for this engagement. Where necessary, I will utilize other attorneys and paralegals selected as having the expertise, availability, and hourly rates to meet your needs as you define them. I will introduce other key attorneys as they begin to provide services.

### Our Fees

Typically, the Firm charges for our services on an hourly basis, in increments of one-tenth of an hour. The lawyers at McDonald Hopkins have rates ranging from $300 to $1,155. Paralegals have rates from $245 to $455 per hour. My rate is $845 per hour. Shawn Riley's rate is $1,025. The hourly rates include, but are not limited to, time spent for conferences, telephone calls, drafting documents, negotiations, travel to and from locations away from our office, court time, and legal and policy research. One of McDonald Hopkins' goals in the management of our workload is to have specific services performed by an attorney or paralegal whose experience level and billing rate matches the complexity of the task. To the extent that associate attorneys' or paralegals' time is utilized, your overall periodic billing will be lower. The Client will not be billed for secretarial or clerical time.

The hourly rates quoted above are subject to increase each October 1st to reflect changes in an individual's skill or experience and in our cost of operation. Changes in hourly rates are effective for time charged after the effective date of the change.

The Firm may make cash advances on your behalf for such items, as, for example, telecopies, special postage, photocopies, out-of-town travel expenses (including meals and lodging while out of town), and court costs (such as filing fees, service of process, subpoena costs, witness fees, etc.).

All air travel within the continental United States will be at coach fare unless prior approval is obtained from the Client. Automotive travel will be subject to reimbursement at the IRS guideline amount or the direct out-of-pocket cost.

We invite you to discuss freely with us any questions that you may have with regard to a fee or cost charged for any matter. We want our clients to be satisfied with both with the quality of our services and the reasonableness of the fees and costs that we charge for those services.

### Retainer

The Client will provide to the Firm an "advance payment" retainer in the amount of $25,000.00. The Client understands and acknowledges that any advance payment retainers are earned by the Firm upon receipt, any advance payment retainers become property of the Firm upon receipt, the Client no longer has a property interest in any advance payment retainers upon the Firm's receipt, any advance payment retainers will be placed in the Firm's general account, and will not be held in a separate client trust account; *provided*, *however*, that solely to the extent required under applicable law, at the conclusion of the Matter, if the amount of any advance payment retainers held by the Firm is in excess of the amount of the Firm's outstanding and estimated fees, expenses, and costs, the Firm will pay to the Client the amount by which any advance payment retainers exceed such fees, expenses, and costs. The Client further understands and acknowledges that the use of advance payment retainers is an integral condition of the Firm's engagement, and is necessary to ensure that: the Client

AmplifyBio, LLC
ADOC SSF, LLC
January 30, 2025
Page 3

continues to have access to the Firm's services; the Firm is compensated for its representation of the Client; the Firm is not a prepetition creditor of the Client in the event of a bankruptcy filing; and in light of the foregoing, the provision of the advance payment retainer is in the Client's best interests. The fact that the Client provides the Firm with any advance payment retainer does not affect the Client's right to terminate the client-lawyer relationship. For the avoidance of doubt, the Client and the Firm agree that the Firm may terminate this engagement and withdraw its representation of the Client if the Client refuses or is unable to replenish the retainer or otherwise comply with the provisions of this engagement letter. If the Firm or the Client terminates representation for any reason, the Firm shall return to the Client after accounting for all outstanding fees and expenses, the amount of any remaining retainer or any other client funds held by the Firm.

The amount of the retainer is designed to approximate the Firm's estimate of fees and expenses expected to be accrued and unpaid by the Client between payment cycles and is set at an amount so that it remains at or above the Firm's estimated fees and expenses between payment cycles. Given the expected timeframe for a loan restructuring, the Firm will bill on a weekly basis, but reserves the right to bill more frequently in the event that circumstances change.

**Potential Conflicts of Interest**

The Firm reviewed its client database and determined that the Firm does not have any initial conflicts of interest. The Firm is a general service law firm that the Client recognizes has represented, now represents and will continue to represent numerous clients (including, without limitation, the Client or their affiliated debtors, creditors, and direct competitors), national and internationally, over a wide range of industries and in a wide variety of matters. The Client agrees that the Firm may have represented or currently represents, in unrelated matters, other parties that are directly adverse to the Client, provided such matters are not substantially related to the legal services the Firm is rendering or will render to the Client in the Matter (an "Allowed Adverse Representation"). By way of example, such Allowed Adverse Representations might take the form of (with regard to the Firm's current or former clients): transactional work (including consensual and non-consensual merger, acquisition, and takeover situations, financings, and commercial agreements); counseling (including advising direct adversaries and competitors); and restructuring (including bankruptcy, insolvency, financial distress, recapitalization, equity and debt workouts, and other transactions or adversarial adjudicative proceedings related to any of the foregoing and similar matters); but shall expressly exclude litigation (including arbitration, mediation and other forms of dispute resolution). To the extent the Firm has represented or currently represents such parties in a situation that is not an Allowed Adverse Representation, and the Firm later determines that such representation represents a conflict of interest, the Firm may ask the Clients to waive such conflict.

It is important that the Clients review this letter carefully and consider all of the advantages and disadvantages of waiving certain conflicts of interests that would otherwise bar the Firm from representing parties with interests adverse to the Client during the time in which the Firm is representing the Client. The Client also understands that because this waiver includes future issues with regard to the Firm's former and current clients that are unknown and unknowable at this time, it is impossible to provide the Client with any more details about those prospective clients and matters. Thus, in choosing to execute this waiver, the Client has recognized the inherent uncertainty about the

AmplifyBio, LLC
ADOC SSF, LLC
January 30, 2025
Page 4

array of potential matters the Firm might take on in matters that are adverse to the Client, but have nonetheless decided it is in the Client's interest to waive conflicts of interest regarding the Allowed Adverse Representations.

Only to the extent applicable, in the event of a bankruptcy case filed by the Client, the Firm will prepare a draft of a schedule describing the Firm's relationships with certain interested parties (the "Disclosure Schedule") in connection with the Firm's retention in a possible bankruptcy filing by the Client. The Firm will provide the Client a draft of the Disclosure Schedule as soon as possible. Although the Firm believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in the Firm's application for retention in such potential bankruptcy case. If in the Firm's determination a conflict of interest arises requiring separate conflicts counsel, the Client will be required to use separate conflicts counsel for those matters.

The Firm will periodically update its conflicts search and inform the Client if it learns of any actual or potential conflicts of interest after the date of this letter. The Client also agrees that the Firm's representation is solely of the Client and that neither the Client nor any agent, representative, member, equity holder, officer, director, partner, or employee on an individual basis of the Client has the status of a client for conflict of interest purposes.

**Electronic Communication**
The Firm communicates from time to time with its clients using facsimile machines, mobile telephones, and e-mail. These forms of communication are not completely secure against unauthorized access. There is some risk of disclosure and loss of attorney-client privilege in using these forms of communication, because they do not ensure the confidentiality of their contents. If the Client objects to the Firm's using any one or more of these forms of communication, or if the Client wishes to institute a system to encode all e-mail between the Firm and the Client or its professionals or agents, please let me know immediately, and the Firm will attempt to honor that request.

**Client Responsibilities**
By agreeing to and accepting our representation as described in this letter, the Client agrees to cooperate fully with us and to provide promptly all information known or available to the Client relevant to the Firm's representation. Representatives of the Client will be available to attend meetings, conferences, hearings, and other proceedings on reasonable notice, and the Client agrees to stay fully informed on all developments relating to all matters as to which we have been engaged. The Client also agrees to pay the Firm's statements for services rendered and charges in accordance with the terms of this engagement letter.

**Payment**
All statements for services rendered by the Firm are payable upon receipt, unless other arrangements have been made in writing with the Firm in advance, including the retainer structure for the Matter. The Firm will bill weekly and apply our fees against the retainer and the Client will replenish the retainer any time. If at any time during the engagement, the fees and expenses of the Firm are close to exceeding the retainer balance at any time during a given week, the Firm will issue an invoice to the Client for fees and expenses incurred during such time period and the Client shall pay such invoice immediately by wire transfer. The Firm reserves the right to cease work or withdraw as

AmplifyBio, LLC
ADOC SSF, LLC
January 30, 2025
Page 5

counsel if the Client fails to replenish the retainer or pay any other invoice issued on in a timely manner in accordance with the terms of this engagement letter.

**Term of Engagement**
Either of the Firm or the Client may terminate the engagement at any time for any reason by written notice, subject on the Firm's part to applicable Rules of Professional Conduct. In the event that the Firm terminates the engagement, it will take such steps as are reasonably practicable to protect the Client's interests in the Matter and, if the Client so requests, the Firm will suggest to the Client possible successor counsel and provide them with whatever papers the Client has provided to the Firm. If permission for withdrawal is required by a court, the Firm will promptly apply for such permission, and the Firm will assist the Client as it may desire to engage successor counsel to represent it.

Unless previously terminated, the Firm's representation of the Client as to the Matter will terminate upon the Firm's sending the Client its final statement for services rendered. During the representation and following such termination, any otherwise nonpublic information the Client has supplied to the Firm that is retained by it will be kept confidential in accordance with applicable Rules of Professional Conduct. At the Client's request, its papers and property will be returned to the Client. The Firm's own files, including lawyer work product, pertaining to the Matter will be retained by the Firm. All such documents retained by the Firm will be transferred to the person responsible for administering the Firm's records retention program. In order to minimize unnecessary storage expenses, the Firm reserves the right to destroy or otherwise dispose of any such documents or other materials retained within a reasonable time after the termination of the engagement or the completion of the particular matter.

Upon cessation of the Firm's active involvement in the Matter (even if the Firm continues to be active in other matters on behalf of the Client), the Firm will have no further duty to inform the Client of future developments or changes in law as may be relevant to the Matter. Further, unless we mutually agree in writing, the Firm shall have no obligation to monitor renewal or notice dates or similar deadlines that may arise for the matters for which the Firm had been retained.

It is impossible to provide any promise or guarantee about the outcome of the Client's matters. Nothing in this engagement letter or any statement by the Firm's staff or attorneys employed by the Firm constitutes a promise or guarantee.

This engagement letter sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. This engagement letter may be signed in one or more counterparts and binds each party countersigning below. If any provision of this engagement letter or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect the other provisions or applications of this engagement letter which can be given effect without such provisions or application, and to this end the provisions of this engagement letter are declared to be severable.

AmplifyBio, LLC
ADOC SSF, LLC
January 30, 2025
Page 6

**Questions**

Please discuss with me any questions you have about any of the Firm's services or any statements that are rendered to the Client. The purpose of this engagement letter is to avoid any misunderstanding with respect to the terms of the engagement and the rendering of legal services by the Firm. If the Client is in agreement with the above terms of the representation, please sign the enclosed copy of this letter and return it to me.

Sincerely,

McDonald Hopkins LLC


/s/ Scott N. Opincar


**ENGAGEMENT LETTER AGREED TO AND ACCEPTED BY**:


**AMPLIFYBIO, LLC**

By: _____

Name: J. Kelly Ganjei

Its: President and Chief Executive Officer

Date: __January 30_____, 2025


**ADOC SSF, LLC**

By: _____

Name: J. Kelly Ganjei

Its: President and Chief Executive Officer

Date: __January 30_____, 2025

**MCDONALD HOPKINS LLC**
**RATE SCHEDULE**
**Effective January 1, 2025**

**Range of Current Hourly Rates for Professional Services:**

| | |
|---|---|
| Members | $420 - $1,155 |
| Of Counsel | $400 - $1,025 |
| Associates | $300 - $635 |
| Paralegals | $245 - $455 |
| Law Clerks | $125 - $250 |

**Current Standard Rates, Fees and Charges:**

| | |
|---|---|
| In-office Photocopying | $0.25 per page |
| In-office Color Photocopying | $0.50 per page |
| Facsimile Transmission | $0.50 per page |
| Auto Mileage | $0.70 per mile |
| Computerized Legal Research: | Actual cost |
| Clerical Overtime | $20.00 per hour |

**The foregoing rates, fees and charges were current as of the date set forth above.
They are subject to change without prior notice.**

35619101.1